1   STEVEN J. COLOGNE (Bar No. 118534)
    scologne@higgslaw.com
2   JACOB T. SPAID (Bar No. 298832)
    spaidj@higgslaw.com
3   JAKE D. SESTI (Bar No. 339005)
    sestij@higgslaw.com
4   HIGGS FLETCHER & MACK LLP
5   401 West A Street, Suite 2600
    San Diego, California 92101-7910
6   Telephone:   (619) 236-1551
    Facsimile:   (619) 696-1410
7

8   Attorneys for Defendant CHRISTIAN
    SMALL, M.D.
9

10          **UNITED STATES DISTRICT COURT**

11   **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

12

13   BLUE CROSS AND BLUE SHIELD          Case No. 25-cv-00735-DOC-DFM
     OF OKLAHOMA, a division of
14   HEALTH CARE SERVICE                 **DEFENDANT CHRISTIAN SMALL,**
     CORPORATION, a Mutual Legal         **M.D.'S MEMORANDUM OF**
15   Reserve Company,                    **POINTS AND AUTHORITIES IN**
                                         **SUPPORT OF MOTION TO**
16              Plaintiff,               **DISMISS**

17        v.                             *Filed concurrently with Notice;*
                                         *Declaration of Jake D. Sesti, and*
18   ASANA RECOVERY, INC.,               *Proposed Order*
     BEACHFRONT SOBER LIVING,
19   INC., ASANA BUY SELL LLC,           Date: August 11, 2025
     MARK SHANDROW, ADAM                 Time: 8:30 a.m.
20   SHANDROW, JONATHAN HAGEN,           Judge: Hon. David O. Carter
     CHRISTIAN SMALL, M.D., JOHN         Trial Date: Not Set
21   DOES 1-50, AND ABC CORPS, 1-50,
22
                Defendants.
23

24

25

26        Defendant Christian Small, M.D. ("Dr. Small") respectfully submits this

27   Memorandum of Points and Authorities in support of his Motion to Dismiss

28   Plaintiff Blue Cross and Blue Shield of Oklahoma's ("Plaintiff") Complaint.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

12974035.1                              i
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   RELEVANT FACTUAL ALLEGATIONS ........................................................ 2

    A.    The Parties ................................................................................................. 2

    B.    The General Allegations and Claims ........................................................ 2

    C.    The Alter Ego Allegations ........................................................................ 3

    D.    The Only Allegation Against Dr. Small is a Pure Conclusion Unsupported by any Facts and Contradicted by Other Allegations ..................................... 4

III.  LEGAL STANDARD ......................................................................................... 5

    A.    Rule 12(b)(6) ............................................................................................ 5

    B.    Rule 9 ........................................................................................................ 5

    C.    Rule 8 ........................................................................................................ 6

IV.   ARGUMENT ...................................................................................................... 7

    A.    Plaintiff Fails to State a Claim for Relief Against Dr. Small ................... 7

        1.    Fraud and Fraudulent Concealment ............................................... 7

        2.    Negligent Misrepresentation ........................................................ 10

        3.    Intentional Interference with Economic/Contractual Relationship .......... 10

        4.    Aiding and Abetting Tortious Conduct ........................................ 11

        5.    Violations of Business and Professions Code Section 17200 ..................... 12

        6.    Money Had and Received ............................................................. 13

        7.    Unjust Enrichment/Quantum Meruit/Restitution ........................ 14

    B.    The Complaint Violates Rule 8 ............................................................... 14

    C.    Plaintiff's Alter Ego Allegations Should be Dismissed .......................... 16

V.    CONCLUSION ................................................................................................. 18

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

12974035.1                                    ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Albilo v. Intermodal Container Services, Inc.*
4  114 Cal. App. 4th 190 (2003) ................................................................ 12

5  *Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ............................................................... 5, 12, 13

6  *Astiana v. Hain Celestial Grp., Inc.*
7  783 F.3d 753 (9th Cir. 2015) .............................................................. 14

8  *Automotriz Del Golfo De California S.A. De C.V. v. Resnick*
   47 Cal.2d 792 (1957) ........................................................................ 16

9  *Becerra v. Dr Pepper/Seven Up, Inc.*
10  945 F.3d 1225 (9th Cir. 2019) .......................................................... 8, 10

11  *Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ......................................................................... 5, 9

12  *CRST Van Expedited, Inc. v. Wener Enters.*
13  479 F.3d 1099 (9th Cir. 2007) ............................................................ 10

14  *ESG Cap. Partners, LP v. Stratos*
    828 F.3d 1023 (9th Cir. 2016) ............................................................ 14

15  *Franklin v. Murphy*
16  745 F.2d 1221 (9th Cir. 1984) .............................................................. 5

17  *Gerritsen v. Warner Bros. Ent. Inc.*
    116 F. Supp. 3d 1104 (C.D. Cal. 2015) ................................................ 16

18  *Hokama v. E.F. Hutton & Co., Inc.*
19  566 F.Supp. 636 (C.D. Cal. 1983) ....................................................... 17

20  *In re 3Com Sec. Litig.*
    761 F. Supp. 1414 (1990) .................................................................... 11

21  *In re Animation Workers Antitrust Litig.*
22  123 F. Supp. 3d 1175 (N.D. Cal. 2015) .................................................. 7

23  *In re MDC Holdings Sec. Litig.*
    754 F. Supp. 785 (S.D. Cal. 1990) .................................................... 8, 10

24  *Ingels v. Westwood One Broadcasting Services, Inc.*
25  129 Cal. App. 4th 1050 (2005) ............................................................ 12

26  *Kaplan v. Rose*
    49 F.3d 1363 (9th Cir. 1994). ............................................................. 10

27  *Lazar v. Superior Court*
28  12 Cal. 4th 631 (1996) ........................................................................ 7

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

*Lincoln Nat'l Life Ins. Co. v. McClendon*
  230 F. Supp. 3d 1180 (C.D. Cal. 2017) ................................................. 13

*Lippitt v. Raymond James Fin. Servs., Inc.*
  340 F.3d 1033 (9th Cir. 2003) ............................................................ 12

*McNeely v. Wells Fargo Bank, N.A.*
  2011 WL 6330170, at *1 (C.D. Cal. Dec. 15, 2011) .......................... 5, 9, 13

*Melrose Place Holdings v. Socotra Opportunity Fund, LLC*
  2022 WL 3013226, at *4 (C.D. Cal. May 31, 2022) ...................... 7, 14, 15

*Mesler v. Bragg Management Co.*
  39 Cal. 3d 290 (1985) ...................................................................... 16

*Moore v. Kayport Package Exp., Inc.*
  885 F.2d 531 (9th Cir. 1989) ............................................................. 6, 9

*Nasrawi v. Buck Consultants*
  231 Cal. App. 4th 328 (2014) ............................................................ 11

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) .............................................................. 5

*Neilson v. Union Bank of Cal., N.A.*
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................... 10

*Neilson v. Union Bank of Cal., N.A.*
  290 F.Supp.2d 1101 (C.D. Cal. 2003) ................................................. 17

*Oakley, Inc. v. Nike, Inc.*
  988 F. Supp. 2d 1130 (C.D. Cal. 2013) ............................................... 10

*Pavloff v. Cardinal Logistics Mgmt. Corp.*
  2020 WL 6828603, at *2 (C.D. Cal. Oct. 9, 2020) .............................. 16

*Quelimane Co. v. Stewart Title Guar., Co.*
  19 Cal.4th 26 (1998) ........................................................................ 10

*Sandoval v. Ali*
  34 F. Supp. 3d 1031 (N.D. Cal. 2014) ................................................ 17

*Sollberger v. Wachovia Securities, LLC*
  2010 WL 2674456, at *4 (C.D. Cal. June 30, 2016) .......................... 6, 15

*Twitter, Inc. v. Taamneh*
  598 U.S. 471 (2023) ...................................................................... 11, 12

*U.S. ex rel v. Gen. Dynamics C4 Sys., Inc.*
  637 F.3d 1047 (9th Cir. 2011) ............................................................ 6

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097, 1103 (9th Cir. 2003) ................................................... 5

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

*Wady v. Provident Life and Accident Ins. Co. of America*
  216 F.Supp.2d 1060 (C.D.Cal.2002) ...................................................... 17

*Warren v. Fox Family Worldwide, Inc.*
  328 F.3d 1136 (9th Cir. 2003) ...................................................... 5, 12

*Weiss v. Rocket Mortg., LLC*
  2024 WL 5454553, at *4. ...................................................... 15

*Whittlestone, Inc. v. Handi-Craft Co.*
  618 F. 3d 970 (9th Cir. 2010) ...................................................... 16

**Statutes**

Fed. R. Civ. P. 8(a)(2) ...................................................... 6

**Other Authorities**

Cal. Civ. Jury Instructions, 3610 ...................................................... 11

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

## I.    <u>INTRODUCTION</u>

The Federal Rules of Civil Procedure ("FRCP") and Supreme Court and Ninth Circuit precedent state that a plaintiff must allege more than conclusory allegations and recitations of elements when asserting a claim against a defendant. As for fraud and negligent misrepresentation claims, FRCP Rule 9(b) requires those claims to be pled with detailed factual allegations as to each individual defendant. Thus, when alleging claims against numerous defendants, "group pleading" is improper.  Instead, the plaintiff must provide specific factual allegations to inform each defendant of their conduct which constitutes the alleged violation.

Here, Plaintiff's Complaint mentions Dr. Small's name in just two paragraphs in the 23-page Complaint.  One of those paragraphs is the introductory section introducing the Parties.  Thus, Plaintiff's Complaint actually contains <u>one</u> paragraph relating to Dr. Small alleging that Dr. Small, as the medical director of Defendant Asana Recovery, Inc. ("Asana"), "was equally bad" as all other Defendants because he "certified that all treatments were true and correct" when he supposedly knew they were not.  Complaint at ¶ 75.  Based on this sole unsupported conclusion against Dr. Small, Plaintiff brings seven causes of action against him, including fraud, based on the alleged conduct of the other Defendants.

It appears this matter is a dispute between Plaintiff and the other Defendants, who are either owners of Asana, are owned by Asana's owners, or are part of Asana's corporate team.  Despite that, Plaintiff lumped Dr. Small into this matter without asserting any factual allegations against him.  The law does not allow a plaintiff to engage in this type of shotgun group pleading by claiming Dr. Small is liable for the actions of the other Defendants without providing specific facts as to Dr. Small's alleged improper conduct.  Plaintiff failed to do so and its claims against Dr. Small should be dismissed.

/ / /

/ / /

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

12974035.1                                                    1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

## II.    <u>RELEVANT FACTUAL ALLEGATIONS</u>

### A.    The Parties

Plaintiff is an insurance company.  Complaint at ¶ 16.  Plaintiff alleges Asana is a corporation that provides substance abuse treatment, which is owned by Defendants Mark and Adam Shandrow.  *Id*. at ¶ 17.  Plaintiff alleges Defendant Beachfront Property Sober Living, Inc. ("Beachfront") is a corporation that is also owned and operated by Defendants Mark and Adam Shandrow.  *Id*. at ¶ 18. Plaintiff alleges that Beachfront owns sober living homes where Asana's patients would reside and receive outpatient treatment, following their initial stay at Asana. *Id*.

Plaintiff alleges that Defendant Asana Buy Sell LLC ("Asana Buy Sell") is also owned by Defendants Mark and Adam Shandrow, and Asana Buy Sell owns other sober living homes, similar to that of Beachfront, where Asana's patients would stay following treatment at Asana.  *Id*. at ¶ 19.  Plaintiff alleges that Defendant Jonathan Hagen ("Mr. Hagen") is the executive director of Asana and "personally instructed staff on documenting treatment . . . ."  *Id*. at ¶ 23.  Finally, Plaintiff alleges that Dr. Small is the medical director of Asana. *Id*. at ¶ 24.

Plaintiff then defines each of the above Defendants collectively in the Complaint as "Defendants."  *Id*. at p. 2, line 2.

### B.    The General Allegations and Claims

Plaintiff alleges that Asana hired "body brokers" to track down potential patients and traffic them to California to stay at Asana to obtain drug and other rehabilitation services.  Complaint at ¶ 2.  Plaintiff alleges that these "body brokers" convinced patients to come to Asana and took whatever steps necessary to enroll them in Plaintiff's insurance plans.  *Id*. at ¶ 48.  Plaintiff then alleges Asana took various actions to fraudulently enroll "potential patients" in Plaintiff's insurance plans.  *Id*. at ¶¶ 55-56.  In addition, as another way to get patients to Asana and to

/ / /

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

12974035.1

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

sign up with Plaintiff, Plaintiff alleges that Asana offered and paid kickbacks to patients in the form of free treatment and housing. *Id*. at ¶¶ 64-65.

Once these patients made it to Asana, Plaintiff alleges that Asana provided minimal or non-existent treatment to its patients and when patients tried to leave, Asana would not let them. *Id*. at ¶¶ 10-12, 69-70. For example, Plaintiff alleges that the treatment was either "non-existent or of such poor quality to be essentially useless." *Id*. at ¶ 69. Plaintiff then provides two specific examples of patients for which Asana submitted insurance claims for based on treatment that was allegedly not provided. *Id*. at ¶¶ 70-71. Then, Plaintiff alleges that once the fake or non-existent treatment ended, Asana would work in conjunction with Beachfront and Asana Buy Sell to provide free housing to patients so Asana could continue to bill Plaintiff for outpatient treatments. *Id*. at ¶ 14.

Based on this alleged fraudulent scheme, Plaintiff alleges all "Defendants" received over $10 million in "ill-gotten gains" from Plaintiff. Complaint at ¶ 15. Plaintiff then brought this action asserting seven causes of action against all Defendants, including Dr. Small, as explained more below.

### C.  The Alter Ego Allegations

Consistent with Plaintiff's conclusory shotgun pleading style, Plaintiff alleges that each defendant is the alter ego of each of the other defendants, yet Plaintiff provides no facts to support these claims. See Complaint at ¶¶ 27-31. Instead, Plaintiff merely recites the elements of alter ego liability, claiming that all Defendants "are liable for the obligations of each other as alter egos because they treated the other entities as their own." *Id*. at ¶ 27. Plaintiff then alleges "Defendants commingled funds and did not differentiate between Asana and the corporate legal entities." *Id*. Plaintiff further concludes all Defendants were formed "for an improper purpose" to perpetrate "the fraudulent scheme alleged herein," so it would be "unjust to recognize the individual Defendants as separate from the entity Defendants." *Id*. at ¶ 28.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

12974035.1

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

Plaintiff continues, merely reciting the elements and factors of alter ego liability, alleging all Defendants "worked together to monetize the fraudulent conduct" and "Defendants formed a group of more than two people that amounted to a civil conspiracy." *Id.* at ¶ 30. Thus, Plaintiff concludes, each "Defendant knew of the misconduct" of the other Defendants and "is liable for all torts committed as part of the scheme." *Id.* at ¶ 31.

## D.    The <u>Only</u> Allegation Against Dr. Small is a Pure Conclusion Unsupported by any Facts and Contradicted by Other Allegations

Aside from the introductory paragraph relating to the Parties, Dr. Small's name is mentioned <u>twice,</u> in one paragraph, throughout the entire 23-page Complaint. Plaintiff alleges Dr. Small, as Asana's medical director, "certified that all treatments were true and correct, and either carried out by him or under his supervision. In reality, Dr. Small did little but sign forms and pocket money so his license could be used to give the gloss of professional treatment." Complaint at ¶ 75. Notably, Plaintiff alleges Asana's executive director, Mr. Hagen, "personally instructed staff on documenting treatment" and "instructed [Asana's] staff to doctor medical records to show attendance at treatment even if it was clear the individual received no treatment . . . ." *Id.* at ¶¶ 23, 74.

Based on this conclusion about Dr. Small's alleged involvement in defrauding Plaintiff, which is unsupported by any facts and is contradicted and undermined by other allegations, Plaintiff brings seven causes of action against him, including fraud, negligent misrepresentation, intentional interference with economic relationships, aiding and abetting tortious conduct, violations of Business and Professions Code, money had and received, and unjust enrichment/quantum meruit/restitution.

/ / /

/ / /

/ / /

### III.    LEGAL STANDARD

#### A.    Rule 12(b)(6)

FRCP Rule 12(b)(6) provides that a party responding to a complaint may respond by asserting the defense that the complaint "fail[s] to state a claim upon which relief can be granted."  A motion to dismiss under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Although the Court accepts the allegations in the complaint as true, the Court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

It is "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the allegations "must be enough to raise a right to relief above the speculative level."  *Id.*  Also, a complaint should be dismissed for failure to state a claim if it discloses facts that will necessarily defeat the claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984) (abrogated on other grounds); *McNeely v. Wells Fargo Bank, N.A.*, 2011 WL 6330170, at *1 (C.D. Cal. Dec. 15, 2011) (if the facts as alleged "only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed").

#### B.    Rule 9

FRCP Rule 9(b) provides when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Under Ninth Circuit law, when analyzing a fraud claim or claims premised on fraudulent conduct, the Court should also "examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action . . . ." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Similar to California's heightened

pleading requirements when alleging fraud and other fraud-based claims, at a minimum, the "time, place and nature of the alleged fraudulent activities" can be sufficient, while "mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

**C.    Rule 8**

FRCP Rule 8 provides that a complaint "must contain" a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In general, "[e]ach allegation must be simple, concise, and direct." *Id*. at (d)(1).  Federal courts particularly disfavor "shotgun pleading" where a complaint "overwhelm[s] defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2016).

As further reasoned by the Ninth Circuit, such complaints should be dismissed with prejudice because they waste judicial resources and burden other parties waiting to have their cases heard:

> Prolix, confusing complaints . . . impose unfair burdens on litigants and judges. . . .  Defendants are . . . put at risk that . . . plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected . . . .  The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit.  He then must manage the litigation without knowing what claims are made against whom.  This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

*Cafasso, U.S. ex rel v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).  And, specific to Plaintiff's shotgun pleading here:

**One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without**

**identifying what the particular defendants specifically did wrong**. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then each count incorporates every antecedent allegation by reference.... This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong.

*Melrose Place Holdings v. Socotra Opportunity Fund, LLC*, 2022 WL 3013226, at *4 (C.D. Cal. May 31, 2022) (emphasis added).

## IV.    ARGUMENT

### A.    Plaintiff Fails to State a Claim for Relief Against Dr. Small

Plaintiff alleges Asana, its owners, its related entities, and its executive director (the "Asana Defendants") created an elaborate scheme to defraud Plaintiff, as explained above. Plaintiff then improperly lumps Dr. Small with the Asana Defendants solely as a result of his role as medical director of Asana.  Although Dr. Small vehemently denies the allegations against the Asana Defendants, the Complaint is devoid of any factual allegations to support the conclusion that Dr. Small was involved, participated, had knowledge, supported, encouraged, or assisted the alleged actions of the Asana Defendants.  For these reasons, Plaintiff's Complaint is deficient and fails to plead any claim for relief against Dr. Small.

#### 1.    Fraud and Fraudulent Concealment

Under FRCP Rule 9(b) and California law, to plead a claim for fraud the plaintiff must allege the who, what, where, and when the misrepresentation was made.  *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1195 (N.D. Cal. 2015); *Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996) ("In such a case, the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.").  As for a fraudulent concealment claim, "allegations of fraudulent concealment must be pled with particularity" too.  *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d at 1195.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

12974035.1

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

1    "Group pleading" is improper where a plaintiff tries to hold an individual

2   liable for the alleged fraudulent actions of a corporation or other individuals, much

3   like the situation here.  *In re MDC Holdings Sec. Litig.*, 754 F. Supp. 785, 795 (S.D.

4   Cal. 1990).  "Plaintiff cannot make blanket references [of fraud], but must inform

5   each defendant of the conduct which constitutes the alleged violation." *Id.*  Under

6   FRCP Rule 9(b), "Plaintiffs must differentiate their allegations when suing more

7   than one defendant to inform each defendant separately of the allegations

8   surrounding their participation in the fraud." See *Becerra v. Dr Pepper/Seven Up,*

9   *Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019).

10    Here, at the outset of the Complaint, Plaintiff collectively defines all of the

11   Asana Defendants and Dr. Small as "Defendants."  Next, Plaintiff alleges the Asana

12   Defendants created a scheme whereby they allegedly trafficked patients and

13   Plaintiff's members to Asana, forced and/or fraudulently enrolled these patients in

14   Plaintiff's insurance plans, provided minimal to no medical treatment, coerced and

15   tricked Plaintiff's members to stay in Asana's outpatient facilities, and did all of this

16   to defraud and extract money from Plaintiff.

17    Specifically as to the fraud claim against Dr. Small, while patients were at

18   Asana or Asana's outpatient facilities (Beachfront or Asana Buy Sell), Plaintiff

19   alleges that Mr. Hagen was responsible for instructing staff on documenting

20   treatment and falsifying medical and treatment records:

21      [E]xecutive director Jonathon Hagen instructed staff to doctor medical
       records to show attendance at treatments even if it was clear that an
22      individual received no treatment . . . .

23

24   Complaint at ¶¶ 23, 74.  Then, in <u>one</u> paragraph, Plaintiff improperly groups Dr.

25   Small into the alleged conduct of the Asana Defendants by claiming Dr. Small

26   "certified that all treatments were true and correct, and either carried out by him or

27   under his supervision." *Id*. at ¶ 75.  Based on this one conclusion, Plaintiff alleges

28   that all "Defendants" (including Dr. Small) committed fraud against Plaintiff and

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

12974035.1

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

made numerous false representations to Plaintiff, including paying kickbacks, false advertising, providing free housing and free treatment, not providing services as billed for, and more.  *Id.* at ¶ 81.  There are no allegations against Dr. Small that he had any involvement, knowledge, or participation in the alleged advertising, recruitment, and enrollment of patients with Asana.

Plaintiff may rely on Exhibit A to the Complaint to oppose this Motion, yet Exhibit A does not help Plaintiff.  Exhibit A appears to be a chart of claims submitted to Plaintiff.  Exhibit A does not provide any details about who performed the treatment or who prepared, created, or verified the treatment record and claim forms.  Even assuming Dr. Small did sign and verify each record, no facts are alleged that Dr. Small knew or had any reason to know the underlying record was based on inaccurate or falsified treatments.

Simply put, there is not a single factual allegation to support Plaintiff's fraud and fraudulent concealment claims against Dr. Small.  At best, there is one conclusory allegation that Dr. Small certified Asana's claim submissions were true and correct when he allegedly knew they were not – but that is far from sufficient under FRCP Rule 9(b).  See *Twombly*, 550 U.S. 5 at 555 (labels and conclusions are insufficient); *Moore*, 885 F.2d at 540 ("mere conclusory allegations of fraud are insufficient"); *McNeely*, 2011 WL 6330170 at *1 ("[m]ere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief").  Notably, the only "factual allegation" that Dr. Small knew the claim forms were falsified is directly contradicted by the prior allegations that it was Asana's executive director, Mr. Hagen, who allegedly instructed Asana's staff on documenting treatment and falsifying the records.  Complaint at ¶¶ 23, 74.

In sum, the fraud allegations against Dr. Small fall utterly short of FRCP Rule 9(b)'s particularity requirement.  It is apparent from the Complaint that Dr. Small was an afterthought.  If Plaintiff wants to group Dr. Small into its alleged dispute with the Asana Defendants, Plaintiff must meet the heightened pleading

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

12974035.1

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

requirements when bringing serious claims that wrongfully attack Dr. Small's credibility and profession. *In re MDC Holdings Sec. Litig.*, 754 F. Supp. at 795 ("group" fraud pleading is improper); *Becerra*, 945 F.3d at 1228 (explaining the plaintiff must "differentiate their allegations" of fraud and "inform each defendant separately of the allegations surrounding their participation in the fraud"). Plaintiff has failed to do so, and thus the fraud claims fail as a matter of law and should be dismissed.

### 2. Negligent Misrepresentation

Similar to pleading fraud, "negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  For example, the pleading shall "state precisely the time, place, and nature of the misleading statements, misrepresentation, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

For the same reasons as explained in the preceding section, Plaintiff has not sufficiently pled a claim for negligent misrepresentation against Dr. Small, and that claim should also be dismissed.

### 3. Intentional Interference with Economic/Contractual Relationship

An intentional interference claim requires: (1) a valid contract between plaintiff and a third party, (2) defendant's knowledge of this contract, (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship, (4) actual breach or disruption of the contractual relationship, and (5) resulting damages. *CRST Van Expedited, Inc. v. Wener Enters.*, 479 F.3d 1099, 1105 (9th Cir. 2007).  Under California law, the plaintiff must show the defendant knew or was substantially certain that his actions would interfere with the at-issue economic/contractual relationship. *Oakley, Inc. v. Nike, Inc.*, 988 F. Supp. 2d 1130, 1135 (C.D. Cal. 2013) (quoting *Quelimane Co. v. Stewart Title Guar., Co.,* 19 Cal.4th 26, 56 (1998).

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

12974035.1

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

Here, Plaintiff has not pled even one allegation against Dr. Small as it pertains to elements 2-3 of an intentional interference claim. And similar to the prior sections, Plaintiff did not plead Dr. Small engaged in any intentional acts designed to induce a breach or disruption of Asana's patients' relationship with Plaintiff. Even assuming Dr. Small knew about Plaintiff and its members' insurance plans, which is not alleged, Plaintiff does not allege any facts to support its conclusion that Dr. Small knew all treatments he allegedly certified were inaccurate, fraudulent, or falsified. Also, Plaintiff does not plead any facts to group Dr. Small in with the other Defendants showing that Dr. Small had any involvement, knowledge, or participation in Asana's alleged body brokering scheme to induce patients to sign up with Plaintiff and travel to California to obtain treatment at Asana.

For similar reasons as the prior two causes of action, Plaintiff has failed to state a claim for relief against Dr. Small for intentional interference with contractual/prospective economic relations.

#### 4.    Aiding and Abetting Tortious Conduct

In 2023, the Supreme Court reasoned that the concept of aiding and abetting a tort "has never been boundless." *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 488 (2023). Instead, the plaintiff must prove the defendant "intended to produce" the resulting tort or had "some degree of knowledge" that his actions were "aiding the primary violator." *Id.* (citations and quotations omitted). Hence, "inaction cannot create liability as an aider and abettor" absent a duty to act. *Id.*

As further explained under California and federal law, aiding and abetting requires allegations that the defendant provided substantial assistance or encouragement for the third-party to engage in the underlying tort. *In re 3Com Sec. Litig.*, 761 F. Supp. 1414, 1418 (1990); Cal. Civ. Jury Instructions, 3610; *Nasrawi v. Buck Consultants*, 231 Cal. App. 4th 328, 343 (2014).

Here, Plaintiff alleges that "Defendants" had actual knowledge of each defendant's tortious conduct, understood that each individual defendant intended to

1  defraud Plaintiff, and that Defendants gave substantial assistance and

2  encouragement to each individual defendant.  Complaint at ¶¶ 101-105.

3         Like Plaintiff's other claims, Plaintiff has merely recited the elements for an

4  aiding and abetting claim against Dr. Small without any facts to support it.  To

5  reiterate, the Court should not accept the truth of legal conclusions cast in the form

6  of factual allegations when ruling on a motion to dismiss.  *Warren*, 328 F.3d at

7  1139; *Iqbal,* 556 U.S. at 678 (FRCP Rule 8 requires "more than an unadorned, the

8  defendant-unlawfully-harmed-me accusation").  Plaintiff's Complaint is devoid of

9  any factual allegations that Dr. Small knew, approved, assisted, or encouraged the

10  Asana Defendants in their alleged scheme to defraud Plaintiff.  Thus, the Complaint

11  lacks any allegations that Dr. Small "intended to produce" these underlying torts.

12  *Taamneh*, 598 U.S. at 488.

13         Plaintiff has failed to state a claim for relief against Dr. Small for aiding and

14  abetting tortious conduct.

15         **5.     Violations of Business and Professions Code Section 17200**

16         To plead a claim under California Business and Professions Code section

17  17200, a plaintiff must show either: (1) an unlawful, unfair, or fraudulent business

18  practice or act; or (2) unfair, deceptive, untrue, or misleading advertising.  *Lippitt v.*

19  *Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003).  Unlawful

20  means the business practice is forbidden by law, unfair means the harm to the victim

21  outweighs any benefit, and fraudulent means the business practices are likely to

22  deceive members of the public.  *Albilo v. Intermodal Container Services, Inc.*, 114

23  Cal. App. 4th 190, 206 (2003).  A defendant cannot be found liable for committing

24  "unlawful business practices" under Section 17200 without having violated another

25  law.  *Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050,

26  1060 (2005).

27         Here, Plaintiff's Section 17200 claim appears to be premised on both prongs

28  above.  Plaintiff alleges that Defendants engaged in unfair and unlawful business

practices, as well as false advertising.  See Complaint at ¶ 108.  Plaintiff further alleges that Defendants "took specific steps to hide their activities and evade detection."  *Id*. at ¶ 110.  Again, Plaintiff's allegations are insufficient to plead a Section 17200 claim against Dr. Small for various reasons.

First, Plaintiff does not sufficiently allege that Dr. Small has engaged in any unlawful, unfair, or fraudulent business practices.  Instead, Plaintiff alleges one conclusion, unsupported by any facts, that Dr. Small certified medical treatments as accurate when he allegedly knew they were not.  As stated numerous times above, a plaintiff must allege facts to support their conclusions or inferences in a complaint. "If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed." *McNeely*, 2011 WL 6330170 at * 1 (citing *Iqbal*, 566 U.S. at 678).

Second, as for the false advertising prong of Plaintiff's Section 17200 claim, there are no allegations that Dr. Small had any involvement, participation, or knowledge of the alleged conduct of the Asana Defendants to target and induce patients to travel to California to obtain treatment at Asana and enroll in Plaintiff's insurance plans.

In sum, the FRCP and Supreme Court case law require far more than what Plaintiff has alleged against Dr. Small.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  As it pertains to Dr. Small, all Plaintiff has done is recite the elements of a Section 17200 claim, and for those reasons, this claim is deficiently pled and should be dismissed.

### 6.    Money Had and Received

A claim for money had and received "makes a defendant indebted to a plaintiff for money had and received by the defendant for the use of the plaintiff." *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F. Supp. 3d 1180, 1190 (C.D. Cal. 2017) (quotations omitted).  Put differently, plaintiff must prove: (1) the defendant

1  received money, (2) the money defendant received was for plaintiff's use, and (3)

2  defendant is indebted to plaintiff. *Id.*

3      Here, Plaintiff alleges that it "would not have paid the claims but for the

4  wrongful conduct of Defendants" and "Defendants extracted the payments by

5  withholding the truth of the conduct that was occurring." Complaint at ¶¶ 115-116.

6  Just like each claim above, Plaintiff has merely recited the elements of a money had

7  and received claim without providing any facts to support it as it pertains to Dr.

8  Small. Plaintiff's conclusory pleading style is not sufficient, especially in a situation

9  where Plaintiff alleged Dr. Small committed egregious wrongs that may harm his

10  business and credibility as a doctor.

### 7.  Unjust Enrichment/Quantum Meruit/Restitution

12      To allege a claim for unjust enrichment/restitution, a plaintiff must show that

13  the defendant received and unjustly retained a benefit at plaintiff's expense. *ESG*

14  *Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). Restitution is

15  not mandated just because one person has realized a gain at another's expense;

16  instead, the plaintiff must show the defendant conferred a benefit through mistake,

17  fraud, coercion, or request. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762

18  (9th Cir. 2015).

19      Here, Plaintiff's unjust enrichment/quantum meruit/restitution claim is

20  derivative of its prior claims and fails for the same reasons as it applies to Dr. Small.

21  Like its other claims, Plaintiff merely recites the elements of a restitution theory of

22  relief without providing any facts as to how Dr. Small tricked, coerced, or engaged

23  in any wrongful actions that caused Plaintiff to confer an unjust benefit to Dr. Small.

### B.  The Complaint Violates Rule 8

25      Shotgun pleadings violate FRCP Rule 8. In cases with multiple defendants, a

26  plaintiff cannot define all individual defendants as "Defendants" without

27  "identifying what the particular defendants specifically did wrong." *Melrose Place*

28  *Holdings*, 2022 WL 3013226, at *4 (C.D. Cal. May 31, 2022). This rule has even

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

12974035.1

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

more weight when the complaint alleges fraud against all "Defendants."  See *Weiss v. Rocket Mortg., LLC*, 2024 WL 5454553, at *4.

For example, in *Melrose Place Holdings*, the defendant filed a motion to dismiss under FRCP Rules 12(b)(6) and 8(a)(2).  The Court found the complaint violated FRCP Rule 8(a)(2) because the complaint "uses the omnibus term 'Defendants' to alleged misconduct without differentiation, and each and every claim incorporates by reference all preceding paragraphs without specificity." *Id*. at *5.  Multiple other Courts in this District have come to the same conclusion.  See e.g., *Sollberger v. Wachovia Sec.*, LLC, 2010 WL 2674456, at *5 (C.D. Cal. June 30, 2010) (dismissing complaint for violating FRCP Rule 8 because the shotgun pleading style of grouping all defendants together "deprives Defendants of knowing exactly what they are accused of doing wrong"); *Weiss v. Rocket Mortg., LLC*, 2024 WL 5454553, at *4 (C.D. Cal. July 2, 2024) (holding complaint violates FRCP Rule 8 because the complaint groups all defendants together and "fails to provide any facts" as to each individual defendant's role).

Here, as explained in detail above, at the outset of the Complaint the Plaintiff defined all individual defendants as "Defendants."  Complaint at p. 2, line 2. Without providing any factual support, Plaintiff then concludes each defendant is liable for the acts of the other defendants.[1] *Id*. at ¶¶ 27-31.  Plaintiff then asserts one conclusion against Dr. Small and claims he is liable for seven causes of action against all Defendants, which is entirely based on the alleged conduct of the Asana Defendants.  This is a textbook example of an improper shotgun pleading in violation of FRCP Rule 8, and the Complaint should be dismissed on this ground as well.

---

[1] Dr. Small has concurrently filed a Motion to Strike Plaintiff's improper and conclusory alter-ego allegations.

### C.    Plaintiff's Alter Ego Allegations Should be Dismissed

Preliminarily, Dr. Small did not bring a motion to strike Plaintiff's alter ego allegations because a motion to strike should not be used to "have certain portions" of a complaint dismissed. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F. 3d 970, 970 (9th Cir. 2010). Instead, requesting a Court to strike improper allegations "are better suited for a Rule 12(b)(6) motion," not a Rule 12(f) motion to strike. *Id*. Thus, Dr. Small moves to dismiss Plaintiff's deficiently pled alter ego allegations. See *Pavloff v. Cardinal Logistics Mgmt. Corp.*, 2020 WL 6828603, at *2 (C.D. Cal. Oct. 9, 2020) (denying a motion to strike alter ego allegations because the defendant should have filed a motion to dismiss).

The alter ego doctrine arises when a plaintiff claims that an opposing party is using the corporate entity unjustly, so the plaintiff asks the Court to disregard the corporate entity and hold the individuals or shareholders liable for the actions of the corporation. *Mesler v. Bragg Management Co*., 39 Cal. 3d 290, 300 (1985). Before this doctrine can be invoked, the plaintiff must show: "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015) (quoting *Automotriz Del Golfo De California S.A. De C.V. v. Resnick*, 47 Cal.2d 792, 796 (1957)).

As it pertains to this Motion, "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim." *Gerritsen*, 116 F. Supp. 3d at 1136. Instead, the plaintiff must alleged specific facts to support both elements. *Id*. Put differently, the plaintiff must allege specific facts showing how the defendants treat the other defendants' assets as their own, how the defendants are commingling each other's assets, how a defendant is undercapitalized and not following corporate formalities, or that the defendants do not treat each other as separate legal entities. *Id*. (citing

*Wady v. Provident Life and Accident Ins. Co. of America*, 216 F.Supp.2d 1060, 1067 (C.D.Cal.2002).

Without specific facts to support the harsh remedy of piercing the corporate veil or holding one defendant liable for the debts of another, the plaintiff's alter ego allegations should be dismissed.  See e.g., *Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636, 647 (C.D. Cal. 1983) ("[c]onclusory allegations of alter ego status" are not sufficient); *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1116 (C.D. Cal. 2003) (plaintiff must allege "facts" to plead alter ego liability); *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) ("[p]laintiffs' alter ego allegations are too conclusory to survive a motion to dismiss").

Here, like the rest of Plaintiff's Complaint against Dr. Small, Plaintiff does not allege a single fact to support its alter ego claims.  Instead, Plaintiff merely recites the elements of alter ego liability and concludes that each defendant is the alter ego of each other.  Complaint at ¶¶ 27-31.  Indeed, Plaintiff's claim that Dr. Small is the alter ego of other individual defendants, like Defendants Mark and Adam Shandrow or Mr. Hagen, is illogical.  An individual cannot be the alter ego of another individual.  Plaintiff's alter ego allegations are a perfect example of Plaintiff's conclusory shotgun pleading style seeking to lump Dr. Small into this case without alleging any specific facts against him or how he is allegedly the alter ego of each of the other Defendants.

Plaintiff's alter ego allegations should be dismissed as yet another improper attempt to hold Dr. Small liable for the alleged conduct of others without any facts to support those claims.

/ / /

/ / /

/ / /

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

12974035.1

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. SMALL'S MOTION TO DISMISS

## V.    <u>CONCLUSION</u>

As alleged, this matter is a dispute between Plaintiff and the Asana Defendants.  Plaintiff's attempt to name Dr. Small as a defendant and group his lack of involvement, participation, and knowledge of any alleged wrongdoing with all other "Defendants" is a classic form of shotgun pleading that is not condoned. Before bringing serious claims against a defendant, which could tarnish and harm their reputation, the law requires the plaintiff to allege sufficient factual allegations at the pleading stage against each individual defendant.  Plaintiff has failed to allege any facts against Dr. Small to support the serious claims made against him, and for those reasons, all claims against Dr. Small, including the alter ego allegations, should be dismissed pursuant to FRCP Rules 12(b)(6), 9(b), and 8(a)(2).

Also, leave to amend should not be granted unless Plaintiff demonstrates the specific factual allegations it will allege against Dr. Small to cure the deficiencies in its Complaint.

Dated:  June 26, 2025                HIGGS FLETCHER & MACK LLP

By:    ___*/s/ Steven J. Cologne*___
STEVEN J. COLOGNE
JACOB T. SPAID
JAKE D. SESTI
Attorneys for Defendant CHRISTIAN SMALL, M.D.