STEVEN J. COLOGNE (Bar No. 118534)
scologne@higgslaw.com
KYLE W. NAGEOTTE (Bar No. 285599)
nageottek@higgslaw.com
JAKE D. SESTI (Bar No. 339005)
sestij@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

Attorneys for Defendant CHRISTIAN
SMALL. M.D.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, a division of HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company,<br><br>Plaintiff,<br><br>v.<br><br>ASANA RECOVERY, INC., BEACHFRONT SOBER LIVING, INC., ASANA BUY SELL LLC, MARK SHANDROW, ADAM SHANDROW, JONATHAN HAGEN, CHRISTIAN SMALL, M.D., JOHN DOES 1-50, AND ABC CORPS, 1-50,<br><br>Defendants. | Case No. 25-cv-00735-DOC-DFM<br><br>**DEFENDANT CHRISTIAN SMALL, M.D.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE CROSSCLAIM AGAINST DEFENDANT ASANA RECOVERY, INC.**<br><br>Date: April 13, 2026<br>Time: 8:30 a.m.<br>Dept: 10 A 10th Floor<br>Judge:  David O. Carter<br>Trial Date: November 3, 2026 |

Defendant Christian Small, M.D. ("Dr. Small") respectfully submits this Memorandum of Points and Authorities in Support of his Motion for Leave to File a Crossclaim Against Defendant Asana Recovery, Inc. ("Asana").

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ..............2

    A.    Plaintiff Files the Complaint ........................................................................2

    B.    Dr. Small's and Asana's Relationship .........................................................2

    C.    Asana is Responsible for Submitting Accurate Claims to Insurance ...........3

    D.    The Agreement's Indemnity Provision .........................................................3

    E.    Dr. Small Propounds Discovery to BCBSOK ..............................................3

    F.    Asana Files a Counterclaim against Plaintiff................................................4

    G.   The Parties Discuss Settlement and Attend Mediation While Dr. Small Continues to Propound Discovery, Meet and Confer, and Review Plaintiff's Document Production ....................................................................................5

    H.   Dr. Small First Learns Facts Suggesting Asana May Have Breached the Agreement with Dr. Small, and Dr. Small Immediately Commences the Meet and Confer Process with Asana....................................................................5

    I.    The Current Scheduling Order and Dates .....................................................6

III.   LEGAL STANDARD ...........................................................................................6

    A.    FRCP 13(g) ...................................................................................................6

    B.    FRCP 16's Good Cause Standard .................................................................7

    C.    FRCP's Rule 15 Liberal Amended Pleading Standard..................................8

IV.    GOOD CAUSE EXISTS UNDER RULE 16 ......................................................8

    A.    Dr. Small Has Been Diligent ........................................................................9

    B.    The Crossclaim Will Not Impact Case Management ..................................11

    C.    No Prejudice................................................................................................13

V.     LEAVE TO FILE THE CROSSCLAIM IS WARRANTED UNDER RULE 15      15

    A.    Bad Faith ....................................................................................................15

    B.    Undue Delay ...............................................................................................16

    C.    Prejudice.....................................................................................................17

    D.    Futility of Amendment................................................................................17

    E.    Previous Amendments ................................................................................18

VI.    CONCLUSION ...................................................................................................19

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2                                         ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

# TABLE OF AUTHORITIES

## Cases

*Acad. of Country Music v. ACM Recs., Inc.*
2014 WL 2586859, at *3 (C.D. Cal. June 10, 2014) ............................................... 10

*AmerisourceBergen Corp. v. Dialsist West, Inc.*
465 F.3d 946 (9th Cir. 2006) ........................................................................... 7

*Bowles v. Reade*
198 F.3d 752 (9th Cir. 1999) .......................................................................... 13

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*
654 F.3d 975 (9th Cir. 2011) ...................................................................... 8, 12

*C.F. v. Capistrano Unified Sch. Dist.*
656 F. Supp. 2d 1190 (C.D. Cal. 2009) ....................................................... 8, 12

*DMS Drywall & Interior Sys., Inc. v. Patriot Constr.*
2024 WL 2176408, at *1 (N.D. Cal. May 13, 2024) .................................. 13, 14

*Eminence Cap., LLC v. Aspeon, Inc.*
316 F.3d 1048 (9th Cir. 2003). ....................................................................... 15

*Fire & Casualty Ins. Co. v. Cleveland Wrecking Co.*
182 Cal.App.4th 23 (2010) ............................................................................. 17

*Glens Falls Indemn. Co. v. United States*
229 F.2d 370 (9th Cir. 1955) ........................................................................... 7

*Imblum v. Code Corp.*
2017 WL 3594569, at *3 (S.D. Cal. Aug. 21, 2017) ....................................... 16

*Jackson v. Laureate, Inc.*
186 F.R.D. 605 (E.D. Cal. 1999) ............................................................. 7, 9, 10

*Johnson v. Buckley*
356 F.3d 1067 (9th Cir. 2004) ........................................................................ 15

*Johnson v. Mammoth Recreations, Inc.*
975 F.2d 604 (9th Cir. 1992) ........................................................................... 7

*Mindspeed Techs., Inc. v. Broadband Tech. 2000 Ltd.*
2018 WL 6430538, at *1 (C.D. Cal. June 14, 2018) ....................................... 16

*Motor Works, LLC v. Safer Techs., Inc.*
2010 WL 11485116, at *2 (N.D. Cal. Mar. 10, 2010) ..................................... 14

*Netbula, LLC v. Distinct Corp.*
212 F.R.D 534 (N.D. Cal. 2003) ..................................................................... 17

*Owens v. Kaiser Found. Health Plan, Inc.*
244 F.3d 708 (9th Cir. 2001) .......................................................................... 15

*Patel v. Cnty. of Orange*
2018 WL 9537313, at *2 (C.D. Cal. Sept. 19, 2018) ...................................... 17

*Phan v. Transamerica Premier Life Ins. Co.*
2023 WL 6048779, at *3 (N.D. Cal. Sept. 14, 2023) ................................ 14, 15

*Pilavskaya v. Henderson*
2012 WL 3279517 at *5 (C.D. Cal. Aug. 9, 2012) ......................................... 18

*Soto v. Greyhound Lines, Inc.*
2008 WL 4775911, at *1 (E.D. Cal. Oct. 28, 2008) ......................................... 7

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

*Underwood v. O'Reilly Auto Enters., LLC*
  342 F.R.D. 338 (D. Nev. 2022) ........................................................................18

*United States v. Webb*
  655 F.2d 977 (9th Cir. 1981) .......................................................................13, 15

*Velez v. Foresters Life Ins. & Annuity Co.*
  2025 WL 3691474, at *4 (C.D. Cal. Dec. 11, 2025)..............................10, 12, 15

*Vig v. Foster*
  2024 WL 5311210 at *3 (C.D. Cal. 2024) ........................................................15

*Wood v. Cnty. of Stanislaus*
  2023 WL 7283525, at *2 (E.D. Cal. Nov. 2, 2023) ............................................18

*Zenith Radio Corp. v. Hazeltine Research, Inc.*
  401 U.S. 321 (1971)...................................................................................13, 17

*Zurich Am. Ins. Co. of Illinois v. VForce Inc.*
  2020 WL 2732046 at *3 (E.D. Cal. May 26, 2020) ...........................................17

**Statutes**

Fed. R. Civ. P. 13.............................................................................................6

Fed. R. Civ. P. 15.....................................................................................passim

Fed. R. Civ. P. 16.....................................................................................passim

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2                                          iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL,
M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

## I.    **INTRODUCTION**

Federal Rules of Civil Procedure 15 and 16 have interrelated goals: (1) ensure the orderly progression of the case; and (2) allow amended pleadings to be liberally pursued where the amended pleading would not impact case management or cause prejudice to a party.

Here, Dr. Small seeks leave to assert a crossclaim against co-defendant Asana for breach of contract and indemnity pursuant to a written agreement between Asana and Dr. Small arising out of the same issues and allegations in Plaintiff's complaint and Asana's counterclaim against Plaintiff.  Although the time to bring amended pleadings has passed pursuant to the Scheduling Order, Dr. Small has been diligent in discovery, diligent in defending these claims, and diligent in preparing the crossclaim and this motion once he recently learned of facts to support a basis for these claims against Asana.

Whether the Court analyzes this motion under FRCP rules 15 or 16 – or a combination of the two – the result should be the same: leave to amend should be granted.  Allowing the crossclaim to be filed would not impact case management and would not prejudice any party.  Asana only recently served its first set of discovery to Plaintiff, Asana has not served any discovery on Dr. Small, and no depositions have occurred.  The crossclaim would not require alteration of any case deadlines, and the Parties still have at least six months before the motion and discovery cutoff.

In sum, the purposes of FRCP rules 15 and 16 would be severely undermined by denying this motion.  If denied, Dr. Small would be forced to file a complaint against Asana in state court and require these same parties and witnesses to participate in duplicative litigation that would increase the risk of inconsistent verdicts.  All parties and witnesses will benefit from a single action and judicial resources will be preserved.

/ / /

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13505326.2                                    1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

For these reasons, the motion should be granted and Dr. Small should be given leave to file a crossclaim against Asana.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiff Files the Complaint

Plaintiff filed this action against Defendants on or about April 10, 2025. ECF No. 1. Dr. Small first appeared in this action in late June 2025 by filing a motion to dismiss the complaint. ECF No. 33. To summarize Plaintiff's complaint, Plaintiff alleges Defendants conspired to find and send BCBSOK's members from Oklahoma to California to obtain minimal to non-existent treatment at Asana solely for the purpose of fraudulently billing BCBSOK. *See generally* ECF No. 1.

### B.    Dr. Small's and Asana's Relationship

Dr. Small has been practicing medicine for many years, and he is board certified in psychiatry, family medicine, and addiction medicine. Small Decl., ¶ 2. Years ago, Dr. Small formed Headlands Addiction Treatment Services ("Headlands") with the goal of providing high quality addiction medicine and professional care to persons in need. *Id*. Headlands contracts with and employs a large staff of licensed physicians, advanced practice providers, and nurses, including other management and administrative personnel. *Id*.

In or around September 2021, Headlands entered into a written contract for medical director services with Asana (the "Agreement"). Small Decl., ¶ 3. Under the Agreement, Asana identifies a potential patient and the Headlands' team of licensed medical professionals completes an evaluation of the patient, develops a treatment plan, and then oversees and supervises the patient's medical care while at Asana. *Id*. Headlands has no involvement, knowledge, or role in Asana's marketing and how Asana ultimately locates patients for treatment. *Id*. Headlands bills Asana a fee for evaluating each patient. *Id*.

/ / /

/ / /

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2

2

**C.      Asana is Responsible for Submitting Accurate Claims to Insurance**

Under the Agreement, Asana is responsible for supervising and performing clinical (non-medical) services to patients, and Asana is responsible for billing and collection of services.  Small Decl., ¶ 4.  The Agreement requires Asana to submit adequate and accurate claims and billings consistent with the standards of the applicable third-party payers.  *Id.*

As a licensed treatment center, and as set forth in the Agreement, Asana represented to Dr. Small it is licensed to perform addiction treatment services and thus has obtained its own National Provider Identification ("NPI") number that is issued to covered healthcare providers in the United States.  Small Decl., ¶ 5.

**D.      The Agreement's Indemnity Provision**

The Agreement provides that Asana shall indemnify, defend, and hold harmless Dr. Small and Headlands against: (i) any and all liability arising out of Asana's failure to comply with the terms of the Agreement, and any injury, loss, claims, or damages arising from the negligent operations, acts, or omissions or willful misconduct relating to or arising out of their obligations or services provided under this Agreement; and (ii) any and all costs and expenses, including reasonable legal expenses, incurred by or on behalf of Dr. Small dba Headlands in connection with the defense of such claims.  Small Decl., ¶ 6.

**E.      Dr. Small Propounds Discovery to BCBSOK**

Soon after the Court denied Dr. Small's motion to dismiss, Dr. Small propounded document requests to Plaintiff on or about September 18, 2025.  Sesti Decl., ¶ 2.  Dr. Small denies the allegations in the Complaint, so he asked Plaintiff to provide all facts, documents, and persons with knowledge to support its claims that Dr. Small was involved, had knowledge, assisted, or participated in the alleged fraudulent scheme of the Asana Defendants, including that Defendants provided minimal to no treatment to patients enrolled at Asana.  *Id.*

/ / /

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

After granting Plaintiff a few extensions to respond and following up with Plaintiff on the status of its document production, Plaintiff produced approximately 23,000 pages of documents in early-to-mid December 2025.  Sesti Decl., ¶ 3.  Dr. Small immediately began organizing and reviewing this massive document production.  *Id.*

### F. Asana Files a Counterclaim against Plaintiff

On or about September 2, 2025, Asana filed an answer denying the substantive allegations in Plaintiff's complaint and asserting a counterclaim against Plaintiff "aris[ing] out of BCBSOK's failure to reimburse Asana for covered medical services that Asana provided to patients insured by BCBSOK."  ECF No. 53 at p. 16, ¶ 1.  Specifically, Asana alleges Plaintiff is a member of the Blue Card Program, which enables its insureds to travel outside their home plan's service area and receive the same insurance benefits out of state.  *Id.* at p. 16, ¶ 4.  According to Asana, when a member's claim is processed under the Blue Card Program, BCBSOK determines payment and the "Host Plan," the Blue Cross entity where Asana is located, determines eligibility.  *Id.* at p. 17, ¶ 7.

Asana further alleges it has a contract with a Blue Cross entity in California, so, under the Blue Card Program, Blue Cross in California acted as the Host Plan and BCBSOK acted as the Home Plan for the purposes of processing Asana's claims arising out of its treatment of BCBSOK insureds.  *Id.* at p. 17, ¶ 10.  Asana then alleges that in or about November 2021, BCBSOK began arbitrarily denying all or portions of claims submitted by Asana for payment.  *Id.* at p. 17, ¶ 11.

Specifically, as to how Asana bills insurance (not Dr. Small), Asana states when potential patients with BCBSOK health plans seek treatment at Asana, Asana and/or its third-party biller, Hansei Solutions, engage in a "verification of benefits" or "VOB" call with BCBSOK.  *Id.* at pp. 19, 26, 49, ¶¶ 21, 68, and 83.  Asana alleges that it made "VOB calls with BCBSOK for each BCBSOK Patient treated at

/ / /

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13505326.2

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

Asana" and during each call, Asana provided BCBSOK with its taxpayer identification number. *Id*. at p. 28, ¶¶ 79-80.

Asana's counterclaim merely confirms that Dr. Small and Headlands are not involved with billing insurance and expects Asana to comply with the Agreement that requires Asana to submit accurate and complete insurance bills to insurance companies, like Plaintiff.

### G. The Parties Discuss Settlement and Attend Mediation While Dr. Small Continues to Propound Discovery, Meet and Confer, and Review Plaintiff's Document Production

Between mid-December 2025 and early February 2026, Dr. Small met and conferred with Plaintiff on its responses to Dr. Small's document requests and interrogatories. Sesti Decl., ¶ 4. Around this time, Plaintiff produced additional documents, and Dr. Small learned that Asana and Plaintiff had discussed settlement and agreed to attend mediation, so Dr. Small joined those discussions and agreed to participate in mediation with the Hon. Judge Suzanne H. Segal (Ret.) with Signature Resolutions. Sesti Decl., ¶ 5. Approaching the February 18, 2026 mediation, Dr. Small had nearly completed his review and analysis of Plaintiff's approximately 24,000 page document production. *See id.* at ¶¶ 4-6.

### H. Dr. Small First Learns Facts Suggesting Asana May Have Breached the Agreement with Dr. Small, and Dr. Small Immediately Commences the Meet and Confer Process with Asana

In finishing his review of Plaintiff's production and learning more about Plaintiff's theory of the case, Dr. Small learned, for the first time in late February 2026, that Asana had been billing BCBSOK by listing Dr. Small's NPI on claim forms and listing Dr. Small as the attending physician for all services Asana billed for. Small Decl., ¶ 7. According to BCBSOK, Asana allegedly provided minimal to non-existent clinical services to patients. So, by listing Dr. Small as the attending physician on every claim form, if the allegations against Asana are true, which Dr. Small denies, Asana has breached various terms of the Agreement with Dr. Small and has subjected him to potential liability.

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13505326.2                                                                 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

Upon learning this information and evaluating whether Asana's business and billing practices conform with the Agreement and other rules, regulations, and laws surrounding the facts of this dispute, Dr. Small's counsel contacted Asana's counsel by phone and email informing Asana that pursuant to the Agreement, Dr. Small would be pursuing a crossclaim against Asana for breach of contract and indemnity. Sesti Decl., ¶ 6. Asana's counsel initially opposed the crossclaim arguing it would be barred (if Asana settled with Plaintiff) by California's good faith settlement provisions under California Code of Civil Procedure section 877.6. *Id*. Dr. Small provided Asana with authority showing that a good faith settlement under California law does not bar a crossclaim for contractual indemnity. *Id*.

Dr. Small then shared multiple drafts of the crossclaim with Asana and asked if Asana would stipulate to its filing. Sesti Decl., ¶ 7. After more meet and confer emails and a telephone call, Asana confirmed it would not stipulate. *See id*. at ¶¶ 7-9. h

## I.    The Current Scheduling Order and Dates

On August 14, 2025, this Court issued a Scheduling Order setting trial for November 3, 2026, motion cutoff of September 28, 2026, and a fact and discovery cutoff of August 28, 2026. ECF No. 47. The Court also set a deadline to amend pleadings to be filed and served within sixty (60) days of the Scheduling Order and to be noticed for hearing with ninety (90) days of the Scheduling Order. *Id*.

Thus, Dr. Small's request for leave to bring a crossclaim against Asana for indemnity and breach of contract is brought after the Court's deadline in the scheduling order, but for the reasons explained herein, should be granted.

## III.    LEGAL STANDARD

### A.    FRCP 13(g)

Pursuant to FRCP 13(g), a pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action. "The crossclaim may include a

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13505326.2    6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." *Id.* "This Court has power to control the adjudication of crossclaims in order to promote the prompt disposition of claims and to prevent unnecessary relitigation." *Soto v. Greyhound Lines, Inc.*, 2008 WL 4775911, at *1 (E.D. Cal. Oct. 28, 2008), *citing Glens Falls Indemn. Co. v. United States*, 229 F.2d 370, 373-74 (9th Cir. 1955).

Although leave to file an amended pleading (or here, leave to file a crossclaim) is usually governed by FRCP Rule 15, when a motion for leave is brought after the deadline in the scheduling order, some Courts require the movant satisfy the good cause showing under Rule 16 before considering whether leave to amend is appropriate under Rule 15. *AmerisourceBergen Corp. v. Dialsist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

Dr. Small submits that, under either FRCP Rules 15 or 16, the Court should permit Dr. Small to bring this crossclaim against Asana for indemnity and breach of contract that arises out of the same transactions alleged in Plaintiff's complaint and Asana's counterclaim, the same discovery and evidence, will not prejudice Asana or any other party, and will promote the prompt disposition of claims in one action.

## B.    FRCP 16's Good Cause Standard

When analyzing leave to amend under FRCP 16's good cause standard, the Court focuses on the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under Rule 16, courts consider: (1) if the moving party was diligent in assisting the Court in creating a workable Rule 16 order; (2) whether noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding efforts to comply, because of the development of matters that could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) the party was diligent in seeking amendment once it became apparent that it could not comply with the order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2                                    7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL,
M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

### C.    FRCP's Rule 15 Liberal Amended Pleading Standard

Although some Courts in this District analyze leave to amend after the date provided in scheduling order by analyzing Rule 16 and then Rule 15, many Courts do not conduct this two-step analysis because the appropriate focus should be on efficiency, fairness, justice, and prejudice to the opposing party.  This is because Rule 16 "was added to the Federal Rules of Civil Procedure in order to facilitate judicial control over a case and to set a schedule for pretrial steps."  *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009), *aff'd sub nom. C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975 (9th Cir. 2011).

Put differently, Rule 16 was not intended to override Rule 15's liberal standard in allowing amended pleadings where the proposed pleading would not impact case management, impair efficient adjudication of the action, or cause prejudice to the opposing party.  *Id.* (allowing amendment under Rule 16 even though the pleading could have been brought earlier because the amendment "created no meaningful issues of case management and has not impaired the efficient adjudication of the action").

## IV.    <u>GOOD CAUSE EXISTS UNDER RULE 16</u>

This Court should allow Dr. Small to assert a crossclaim against Asana for **three** reasons: (1) Dr. Small has been diligent in conducting discovery, reviewing the evidence, and pursuing this crossclaim; (2) the crossclaim will not impact case management or require amendment of any existing deadlines in the Scheduling Order (such as requiring a new discovery or motion cutoff date); and (3) no party will suffer prejudice from the crossclaim – it is based on the same subject matter as the issues in the main action and counterclaim, same parties, same discovery, same evidence, and same defenses.

/ / /

/ / /

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2                                    8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

## A.    Dr. Small Has Been Diligent

As for the first and second steps of the diligence inquiry, the Court should consider whether Dr. Small was diligent in assisting the Court in creating a workable scheduling order and whether Dr. Small could have foreseen the facts he learned about for the first time in late February 2026.

At the time of the initial Scheduling Conference on August 14, 2025, there was nothing to suggest that Dr. Small was not diligent in assisting the Court in creating a workable scheduling order. *See Jackson*, 186 F.R.D. at 608. At that time, Dr. Small had not yet answered the complaint and discovery had only just commenced. No parties had submitted initial disclosures, the parties were working on a protective order, and the Joint Rule 26 report had been submitted just two weeks prior. ECF. No. 41.

As stated in Dr. Small's answer and motion to dismiss (ECF Nos. 33 and 58), Dr. Small denies the allegations in Plaintiff's complaint. Asana also denied Plaintiff's substantive allegations that Defendants are involved in this elaborate medical fraud scheme and that Asana provides minimal to non-existent clinical treatment to patients. ECF No. 53. Further, not only did Asana deny the allegations in the complaint, Asana filed a counterclaim against Plaintiff alleging that Plaintiff's claims are false and are motivated by Plaintiff's refusal to pay for covered services. ECF No. 53 at pp. 16-43. In this counterclaim, Asana's allegations also state it has complied with all billing rules, regulations, and best practices under the Agreement and by law, so Dr. Small had no reason to believe that Asana may be in breach of the Agreement or that any of Plaintiff's allegations against Asana were supported.

Thus, at the time the Scheduling Order was entered and until February 2026, Dr. Small did not believe he had a good faith basis for a crossclaim against Asana. It would have been unreasonable for Dr. Small to mention suit against Asana at the Scheduling Conference or pursue a crossclaim just because of the allegations in Plaintiff's complaint that all Defendants vigorously refute. *See Acad. of Country*

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13505326.2                                                                                   9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

*Music v. ACM Recs., Inc.*, 2014 WL 2586859, at \*3 (C.D. Cal. June 10, 2014) ("[T]he facts apparently available to Plaintiff at the time of the December 8, 2013 cut-off for the amendment of pleadings were not sufficient to expect Plaintiff to have sought to amend its pleading" at that time).

For third step of the diligence inquiry, the Court should consider if Dr. Small was diligent in seeking this amendment once he learned of the basis for a claim against Asana. *See Jackson*, 186 F.R.D. at 608; *Moorhead v. Emp. Screening Servs., Inc.*, 2018 WL 3533267, at \*2 (S.D. Cal. July 23, 2018) (in assessing diligence the court should focus on "the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading); *Velez v. Foresters Life Ins. & Annuity Co.*, 2025 WL 3691474, at \*4 (C.D. Cal. Dec. 11, 2025) (finding diligence where the moving party had made no prior attempts to amend and there is no indication of tactical delay).

In December 2025, after providing reasonable extensions on discovery and following up on the status of Plaintiff's document production, Plaintiff produced approximately 23,000 pages of documents, produced an additional 700 pages in January 2026, and on February 18, 2026, the Parties attended mediation. Sesti Decl., ¶¶ 3-5. During that period, Dr. Small diligently reviewed Plaintiff's large document production to analyze whether Plaintiff had any evidence to support its serious claims against Defendants, such that Dr. Small should consider whether Asana breached the Agreement or if Dr. Small should pursue a claim for contractual indemnity against Asana. *Id.*

Then, during the February 18, 2026 mediation with the Hon. Judge Suzanne H. Segal (Ret.) of Signature Resolution, Dr. Small learned more about Plaintiff's theory of the case. It was only at this time and after reviewing Plaintiff's document production did Dr. Small learn for the first time that Asana had been billing Plaintiff by listing Dr. Small's NPI on all claim forms and listing Dr. Small as the attending physician for all services Asana billed for. Small Decl., ¶ 7.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2    10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

As stated above, pursuant to the Agreement and as confirmed by Asana's counterclaim, Asana is wholly responsible for coordinating with insurance, authorizing insurance coverage, and then billing insurance. *See generally* ECF No. 53 at pp. 16-43 – *Asana's Counterclaim against BCBSOK*. And, according to Plaintiff, Asana allegedly provided minimal to non-existent clinical services to patients. So, by listing Dr. Small as the attending physician on every claim form, if the allegations against Asana are true, which Dr. Small denies, Asana has breached various terms of the Agreement with Dr. Small and has subjected him to potential liability.

Immediately upon learning this information in late February 2026, Dr. Small informed Asana that he would be pursuing a crossclaim against Asana for breach of contract and indemnity under the Agreement. Sesti Decl., ¶ 6. For the next two weeks, Dr. Small drafted the proposed crossclaim and met and conferred with Asana to determine whether Asana would stipulate to the filing of the crossclaim. *Id*. at ¶¶ 6-8. When Asana confirmed it would not, Dr. Small diligently commenced drafting this motion.

For the reasons explained above, Dr. Small has been diligent in bringing this motion under Rule 16. Dr. Small acted prudently by not reactively filing a crossclaim against Asana based on Plaintiff's unsupported allegations. Dr. Small then diligently commenced discovery, reviewed Plaintiff's large 23,000 page document production, monitored Asana's response to Plaintiff's allegations via the counterclaim, and the moment Dr. Small realized Asana's billing practices may be a violation of the Agreement or other rules, regulations, and laws, Dr. Small immediately commenced the meet and confer and preparation of the crossclaim and this motion.

**B.    The Crossclaim Will Not Impact Case Management**

Courts in this district, as affirmed by the Ninth Circuit, appreciate that Rule 16 is designed to "facilitate judicial control over a case and to set a schedule for

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

pretrial steps." *C.F.*, 656 F. Supp. 2d at 1197 (C.D. Cal. 2009), *aff'd sub nom. C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975 (9th Cir. 2011). However, Rule 16 was not designed to override Rule 15's liberal standard in allowing amended pleadings where the proposed pleading would not impact case management, impair efficient adjudication of the action, or cause prejudice to the opposing party. *Id.*; *see Velez*, 2025 WL 3691474, at *4 (granting modification of the scheduling order under Rule 16 to allow for an amended pleading after close of discovery because "granting leave to amend the scheduling order here would not disrupt case management").

Here, although Dr. Small appreciates this motion seeks leave to file a crossclaim after the deadline established in the Scheduling Order, the purposes of Rule 16 and the Scheduling Order will not be impacted by allowing the crossclaim here. The proposed crossclaim is based on the same subject matter as Plaintiff's complaint and Asana's counterclaim. Asana will presumably assert the same defenses to Plaintiff's complaint that it will assert to the crossclaim, that is, Asana complied with all proper procedures, engaged in no wrongdoing, provided legitimate clinical services to patients, and all bills it sent to Plaintiff were complete, accurate, authorized, and in conformance with the terms of the Agreement and Asana's agreements with Blue Cross. *See generally* ECF No. 53, pp. 16-43.

Also, the motion and discovery cutoff is still more than six months away, Asana recently served its first set of discovery to Plaintiff in February 2026, Asana has not served any discovery on Dr. Small, and no depositions have occurred. Sesti Decl., ¶ 10.

Thus, because Dr. Small's crossclaim will not impair efficient adjudication of the action, will not require modification of any Scheduling Order dates, and will promote judicial economy and efficiency by allowing all related claims to be heard in one case, there is further good cause under Rule 16 to allow Dr. Small to bring this crossclaim against Asana.

13505326.2

12

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

## C.      No Prejudice

The entire purpose of Rules 15 and 16 is to ensure cases proceed in an efficient manner and parties are not prejudiced by unnecessarily late or unexplainably delayed amended pleadings.

Under the Rule 15 liberal pleading standard, explained more below, delay by itself is "insufficient to justify denial of leave to amend." *DCD Programs Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *United States v. Webb,* 655 F.2d 977, 980 (9th Cir. 1981) ("[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend. Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading.") (internal quotation and citation omitted); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend.").

Instead, prejudice is the most important factor when determining whether leave should be granted. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-331 (1971).  The burden of showing prejudice rests on the party opposing the amendment. *DCD Programs, Ltd.*, 833 F.2d at 186.

For example, in *DMS Drywall & Interior Systems, Inc. v. Patriot Construction*, defendants moved for leave to file an amended answer and counterclaim against plaintiff ***after the date to amend pleadings provided in the scheduling order***. *DMS Drywall & Interior Sys., Inc. v. Patriot Constr.*, 2024 WL 2176408, at *1 (N.D. Cal. May 13, 2024).  Plaintiff opposed the motion claiming it was untimely and there was no explanation or excuse for the defendants' alleged delay in requesting leave.

In opposition, the plaintiff argued the defendants were aware of the facts underlying their counterclaim for over one year, so the Court should deny the motion as untimely. *Id*. at * 3.  Essentially ignoring the delay or reason for delay, the Court explained:

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

13505326.2

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL,
M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

[r]egardless of when the defendants definitively knew what their [damages] were, it is in the interest of justice to allow them to file their compulsory counterclaims now. The risk of prejudice to [plaintiff] is low because the counter complaint arises from the same set of facts as [plaintiff's] claims against the defendants: It will not require [plaintiff] to commence or defend against new or burdensome discovery . . . .

*Id*. Thus, the Court found good cause to amend the scheduling order because plaintiff "will not suffer prejudice from the modification." *Id*. at *3.

Similarly, in *Motor Works, LLC v. Safer Technologies, Inc.*, defendants filed a motion for leave to file counterclaims on the "eve of trial." *Motor Works, LLC v. Safer Techs., Inc.*, 2010 WL 11485116, at *2 (N.D. Cal. Mar. 10, 2010). In analyzing whether defendants should be granted leave to file their counterclaims, the Court noted that "the evidence relevant to those counterclaims is also relevant to Plaintiff's case. Moreover, these counterclaims would not require adding any parties to the case." *Id*. at *3. Thus, the Court granted leave because the counterclaims would not prejudice Plaintiff, since the evidence relevant to the counterclaims substantially overlapped with the evidence relevant to Plaintiff's claims against Defendants. *Id*. at *4.

Here, the same issues, facts, and discovery in the crossclaim apply equally to Plaintiff's claims, Asana's defenses, and Asana's counterclaim. In this scenario, the focus is on the risk of prejudice to Asana and the prejudice to the moving party if the amendment is denied. *See DMS Drywall & Interior Sys., Inc.,* 2024 WL 2176408, at *1. Although Dr. Small could always file this crossclaim in a separate action, Dr. Small should not be required to litigate the same case twice and be exposed to the potential for inconsistent rulings.

Where the evidence relevant to the crossclaim is relevant to Plaintiff's and Asana's cases too, prejudice does not exist. *Motor Works, LLC*, 2010 WL 11485116, at *2 (N.D. Cal. Mar. 10, 2010); *see Phan v. Transamerica Premier Life Ins. Co.*, 2023 WL 6048779, at *3 (N.D. Cal. Sept. 14, 2023). For the reasons stated

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13505326.2

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

above, good cause exists to permit Dr. Small to assert a crossclaim against Asana for breach of contract and indemnity.

## V.    LEAVE TO FILE THE CROSSCLAIM IS WARRANTED UNDER RULE 15

Because good cause exists to modify the scheduling order to allow for Dr. Small to assert a crossclaim against Asana, the Court should then analyze whether leave to amend is appropriate under Rule 15, which it is.  *See Velez*, 2025 WL 3691474, at *4 (finding good cause under Rule 16 and then analyzing the proposed amendment under Rule 15).

Under Rule 15, leave "is to be applied with extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  The "underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

When analyzing a motion for leave under Rule 15, the Court should consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the complaint has been previously amended. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  Notably, the most important factor is prejudice to the opposing party such that "[a]bsent prejudice, or a strong showing of the remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### A.    Bad Faith

A motion to amend is made in bad faith where there is evidence in the record that indicates a wrongful motive on the moving party.  *DCD Programs*, 833 F.2d at 187.  Courts find bad faith exists where a party seeks to prolong litigation by adding baseless claims.  *See Vig v. Foster*, 2024 WL 5311210 at *3 (C.D. Cal. 2024).

/ / /

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13505326.2

15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

Here, as demonstrated above, Dr. Small has diligently commenced discovery, diligently reviewed Plaintiff's document production, and did not reactively file a crossclaim against Asana before he believed he had a good faith basis to do so. There is no bad faith here and Dr. Small would not have gained any sort of tactical advantage by waiting to bring this crossclaim. Dr. Small seeks leave to bring this crossclaim in this case to avoid multiple lawsuits, to conserve judicial resources, and to ensure all related alleged misconduct is addressed in this single case, consistent with the purposes of Rule 15. There is no bad faith here.

**B.    Undue Delay**

The law regarding delay is provided above, and to reiterate, delay by itself is "insufficient to justify denial of leave to amend." *DCD Programs Ltd.*, 833 F.2d at 186.

For example, *Mindspeed Technologies, Inc. v. Broadband Technology 2000 Ltd.* is guiding on this point. 2018 WL 6430538, at *1 (C.D. Cal. June 14, 2018). There, after much litigation and over one year later, defendant filed a motion for leave to amend its answer and add a counterclaim. In opposition, plaintiff argued that defendant brought the motion in bad faith and unduly delayed in seeking leave. *Id.* at *3. The Court quickly rejected these arguments because the timing of the proposed pleading would not require an extension on any discovery deadlines and any discovery for the counterclaim "appears to overlap" with other claims and relief previously sought in the case. *Id.*; *see also Imblum v. Code Corp.*, 2017 WL 3594569, at *3 (S.D. Cal. Aug. 21, 2017) (leave to amend granted one year after defendant discovered facts underlying its counterclaim because there was no prejudice to plaintiff).

Here, Dr. Small addresses above why he is now seeking leave to assert a crossclaim against Asana. Even assuming Dr. Small should have learned of and/or filed this motion sooner, any delay (there is none) is non-consequential given there is no prejudice to Asana (or Plaintiff) where the facts underlying the crossclaim,

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13505326.2

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

Asana's counterclaims, Plaintiff's claims, and the other Defendants' defenses are all interrelated and based on the same subject matter.

### C.    Prejudice

Prejudice is the most important factor when determining whether leave should be granted. *Zenith Radio Corp.*, 401 U.S. at 330-331. Dr. Small discusses the prejudice factor above. As shown above, no party would suffer prejudice from the crossclaim and that alone should be sufficient to grant the motion.

### D.    Futility of Amendment

Denial of leave to amend on futility grounds is "rare." *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, 2020 WL 2732046 at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D 534, 539 (N.D. Cal. 2003)). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula*, 212 F.R.D at 539. "Deferring ruling on the sufficiency of the allegations is pre ferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss." *Patel v. Cnty. of Orange*, 2018 WL 9537313, at *2 (C.D. Cal. Sept. 19, 2018) (citation omitted).

Here, Dr. Small asserts three causes of action in his crossclaim against Asana for: (1) Contractual Indemnity; (2) Breach of Contract; and (3) Declaratory Relief. Sesti Decl., ¶ 9; Ex. A (Proposed Crossclaim). During the meet and confer before bringing this motion, Asana initially argued a crossclaim for indemnity would be barred by California's good faith settlement procedures, assuming at the time this crossclaim would be filed, Asana reached a settlement with Plaintiff. Sesti Decl., ¶ 6. Dr. Small then shared authority with Asana proving a good faith settlement with one defendant does not bar a co-defendant from filing a claim for contractual indemnity against the settling co-defendant. *Id.*; *Interstate Fire & Casualty Ins. Co. v. Cleveland Wrecking Co.* 182 Cal.App.4th 23, 32–33 (2010) (explaining a "good

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2                                              17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

faith settlement order does not bar a non-settling tortfeasor from asserting an indemnification claim against the settling defendants based on an express contract").

Then, after sharing the proposed crossclaim with Asana and engaging in another meet and confer phone call, Asana explained it would oppose the motion because of delay and/or disagreement with the allegations in the crossclaim.  Sesti Decl., ¶¶ 6-9; Ex. A.

Assuming Asana will oppose this motion on futility grounds, which would be without merit, the Court should defer any "futility" argument to a motion to strike or motion to dismiss the counterclaim.  *See e.g. Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 347 (D. Nev. 2022) (following the "standard practice" of declining to address substantive futility arguments "in the amendment context"); *Wood v. Cnty. of Stanislaus*, 2023 WL 7283525, at *2 (E.D. Cal. Nov. 2, 2023) (declining to address futility because the other factors weigh in favor of granting leave, so the Court "defers addressing Defendant's arguments about the merits of Plaintiff's claims at this stage"); *Pilavskaya v. Henderson*, 2012 WL 3279517 at *5 (C.D. Cal. Aug. 9, 2012) ("Whether [ ] claims are properly pled is better left for a motion to dismiss.").

### E.    Previous Amendments

Dr. Small does not address this factor as it does not apply here.  Dr. Small has not moved to amend any of his pleadings prior to this motion.

/ / /

/ / /

/ / /

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13505326.2

18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

## VI.    CONCLUSION

For the reasons set forth above, the Court should grant leave for Dr. Small to assert a crossclaim against Asana, either in an amended answer or by a separate pleading.  Allowing the crossclaim would promote judicial economy, it would not impact or hamper the current Scheduling Order dates, and no party would suffer prejudice from the amendment.  Dr. Small diligently pursued this crossclaim and all disputes and grievances amongst the Parties should be litigated at one time, in one judicial forum.

Dated: March 12, 2026                         HIGGS FLETCHER & MACK LLP


By:       */s/ Steven J. Cologne*
          STEVEN J. COLOGNE
          KYLE W. NAGEOTTE
          JAKE D. SESTI
          Attorneys for Defendant CHRISTIAN
          SMALL. M.D.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2                                    19

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Dr. Small certifies that this motion contains 5,878 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 12, 2026          HIGGS FLETCHER & MACK LLP

By:      */s/ Steven J. Cologne*
         STEVEN J. COLOGNE
         KYLE W. NAGEOTTE
         JAKE D. SESTI
         Attorneys for Defendant CHRISTIAN SMALL. M.D.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13505326.2

20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHRISTIAN SMALL, M.D.'S MOTION FOR LEAVE TO FILE CROSSCLAIM