STEVEN J. COLOGNE (Bar No. 118534)
scologne@higgslaw.com
KYLE W. NAGEOTTE (Bar No. 285599)
nageottek@higgslaw.com
JAKE D. SESTI (Bar No. 339005)
sestij@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Attorneys for Defendant and Cross-Claimant CHRISTIAN SMALL. M.D.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, a division of HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company,<br><br>Plaintiff,<br><br>v.<br><br>ASANA RECOVERY, INC., BEACHFRONT SOBER LIVING, INC., ASANA BUY SELL LLC, MARK SHANDROW, ADAM SHANDROW, JONATHAN HAGEN, CHRISTIAN SMALL, M.D., JOHN DOES 1-50, AND ABC CORPS, 1-50,<br><br>Defendants. | Case No. 25-cv-00735-DOC-DFM<br><br>**DEFENDANT AND CROSS-CLAIMANT CHRISTIAN SMALL, M.D.'S MOTION IN LIMINE TO PRECLUDE ASANA'S UNTIMELY UNIDENTIFIED EXPERTS (MIL NO. 1)**<br><br>DATE: October 19, 2026<br>TIME: 8:30 a.m.<br>CRTRM.: Courtroom 10A<br>JUDGE: Hon. David O. Carter<br><br>TRIAL DATE: November 3, 2026 |

## I. INTRODUCTION

The Court should preclude Asana from calling any experts at trial. Asana did not identify or disclose any experts in the initial expert exchange, rebuttal expert exchange, or before the close of fact or expert discovery. However, on Sunday, October 11, 2026, at approximately 6:41 p.m. PT, Asana added to its witness list, for the first time, two unidentified experts: (1) "Expert on legal fees" and (2) "Expert on settlement fee allocation by claim".

Under Federal Rule of Civil Procedure 37(c)(1), a party that fails to timely disclose an expert as required by Rule 26(a)(2) is automatically precluded from using that witness at trial unless the failure was substantially justified or harmless, a burden Asana bears and cannot meet. Reopening expert discovery with trial set for November 3, 2026 requires a formal motion to modify the scheduling order and a showing of good cause under Rule 16(b), which Asana has not made and cannot meet. Asana should be precluded from calling these two unnamed experts who were "identified" for the first time on the evening of October 11, 2026, many months after the close of discovery and less than one month before trial.

## II. RELEVANT FACTUAL BACKGROUND

### A. The Court's Scheduling Order Set Expert Deadlines and an Expert-Discovery Cutoff

The Court's scheduling order set the deadline for initial expert disclosures on June 29, 2026 and rebuttal expert disclosures on July 31, 2026. Dkt. 47. The Court also set a discovery cutoff of August 28, 2026. *Id.* Those dates have never been modified, the deadlines have long since passed, and expert discovery is closed.

### B. Asana "Identified" Two Unnamed Experts for the First Time on October 11, 2026

Asana did not identify any experts in its initial expert disclosures, in its rebuttal expert disclosures, or at any time during the discovery period. Sesti Decl., ¶ 2. Asana disclosed two unnamed experts for the first time in their finalized witness list, which

it sent to Dr. Small on the evening of October 11, 2026. *Id.* at ¶ 3. Given Asana never timely identified any experts, Dr. Small has no opportunity to depose these experts (who are unnamed), to serve a responsive or rebuttal expert report, or otherwise to address their anticipated opinions in any manner. *Id.* at ¶ 4.

## III. <u>LEGAL STANDARD</u>

A motion in limine is a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). It is the proper vehicle to obtain a pretrial ruling precluding an expert who was not timely disclosed.

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose each expert witness "at the times and in the sequence that the court orders," and Rule 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion under Rule 37(c)(1) is a "'self-executing,' 'automatic' sanction," and District Courts are afforded "particularly wide latitude" to impose it "even absent a showing in the record of bad faith or willfulness." *Id.* at 1106. No finding of willfulness or bad faith is required to exclude undisclosed evidence. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008). The only exceptions are where the failure to disclose was "substantially justified or harmless," and "the burden is on the party facing sanctions to prove harmlessness." *Yeti*, 259 F.3d at 1106–07.

Separately, a party cannot obtain additional expert discovery after the deadlines have passed without moving to modify the scheduling order. A scheduling order "can only be modified 'upon a showing of good cause.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)'s good-cause standard "primarily considers the diligence of the party seeking the amendment," and "[i]f that party was

/ / /

not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## IV. **ARGUMENT**

Asana must be precluded from calling any experts under Rule 37(c)(1). Asana did not identify any experts in its initial or rebuttal expert disclosures and did not identify any experts at any point during expert discovery. Asana identified two unnamed experts on October 11, 2026 to testify on two categories: (1) "Expert on legal fees" and (2) "Expert on settlement fee allocation by claim". This untimely and deficient disclosure violates Rule 26(a)(2), making exclusion required unless Asana proves that its failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001). BCBSOK cannot carry that burden.

In *Goodman v. Staples The Office Superstore, LLC*, the Ninth Circuit affirmed the preclusion of experts whose reports were served after the opposing party's expert-disclosure deadline, finding "obvious prejudice" where the defendant had developed its own expert case believing those experts would not testify. 644 F.3d 817, 827 (9th Cir. 2011). The prejudice here is even greater. Asana never identified any experts in any timely expert disclosure, and has yet to even provide names of any experts it plans to use at trial. Dr. Small has absolutely no idea of who these experts are and why they were not identified timely. Dr. Small has no opportunity to depose these experts, address their opinions, or disclose a responsive expert.

In determining whether to exclude undisclosed expert testimony under Rule 37(c)(1), courts in this Circuit consider the surprise or prejudice to the opposing party, the ability to cure that prejudice, the likelihood of disruption at trial, and whether the failure to disclose was in bad faith or willful. *Krause v. County of Mohave*, 459 F. Supp. 3d 1258, 1267–68 (D. Ariz. 2020).

Here, each of these factors favors exclusion. In *Krause*, the Court excluded expert opinions first disclosed after the expert-disclosure deadline and shortly before

discovery closed, finding surprise and prejudice "self-evident" where the opposing party had no opportunity to depose the expert or secure rebuttal testimony and had little ability to cure the prejudice given the impending discovery cutoff. *Id.* at 1268. The circumstances here present even greater prejudice.

Moreover, a belated request to designate an expert and reopen discovery is, in substance, a request to modify the scheduling order, which requires a formal motion and showing of good cause focused principally on the moving party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts in this Circuit likewise treat a late expert designation as "a request to amend the Scheduling Order" subject to Rule 16(b). *Fid. Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 308 F.R.D. 649, 655 (S.D. Cal. 2015).

Asana has filed no such motion, and raising the issue less than a month before is wholly deficient. See *C.F. v. Capistrano Unified Sch. Dist.*, 647 F. Supp. 2d 1187, 1202 (C.D. Cal. 2009) (explaining that a party must "specifically request that the court modify the scheduling order" and that merely seeking other relief does not suffice).

## V. <u>CONCLUSION</u>

The Court should preclude Asana from calling any experts at trial for the reasons explained above.

Dated: October 12, 2026 HIGGS FLETCHER & MACK LLP

By: */s/ Kyle W. Nageotte*
STEVEN J. COLOGNE
KYLE W. NAGEOTTE
JAKE D. SESTI
Attorneys for Defendant
CHRISTIAN SMALL. M.D.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for CHRISTIAN SMALL, M.D., certifies that this brief contains 1,204 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 12, 2026 HIGGS FLETCHER & MACK LLP

By: */s/ Kyle W. Nageotte*
STEVEN J. COLOGNE
KYLE W. NAGEOTTE
JAKE D. SESTI
Attorneys for Defendant and Cross-Claimant CHRISTIAN SMALL. M.D.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed and served electronically in compliance with Fed. R. Civ. P. 5 and L.R. 5-3.2. As such, this document was served on all counsel who have consented to electronic service on the date of filing.

Dated: October 12, 2026 HIGGS FLETCHER & MACK LLP

By: */s/ Kyle W. Nageotte*
STEVEN J. COLOGNE
KYLE W. NAGEOTTE
JAKE D. SESTI
Attorneys for Defendant and Cross-Claimant CHRISTIAN SMALL. M.D.