STEVEN J. COLOGNE (Bar No. 118534)
scologne@higgslaw.com
KYLE W. NAGEOTTE (Bar No. 285599)
nageottek@higgslaw.com
JAKE D. SESTI (Bar No. 339005)
sestij@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Attorneys for Defendant and Cross-Claimant CHRISTIAN SMALL. M.D.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BLUE CROSS AND BLUE SHIELD OF OKLAHOMA, a division of HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company,<br><br>Plaintiff,<br><br>v.<br><br>ASANA RECOVERY, INC., BEACHFRONT SOBER LIVING, INC., ASANA BUY SELL LLC, MARK SHANDROW, ADAM SHANDROW, JONATHAN HAGEN, CHRISTIAN SMALL, M.D., JOHN DOES 1-50, AND ABC CORPS, 1-50,<br><br>Defendants. | Case No. 25-cv-00735-DOC-DFM<br><br>**DEFENDANT AND CROSS-CLAIMANT CHRISTIAN SMALL M.D'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (L.R. 16-4)**<br><br>CRTRM.: Courtroom 10A<br>JUDGE: Hon. David O. Carter<br><br>TRIAL DATE: November 3, 2026 |

Defendant and Cross-Claimant Christian Small M.D. ("Dr. Small") respectfully submits his Memorandum of Contentions of Fact and Law pursuant to Central District Local Rule 16-4.

**L.R. 16-4.1 – Claims and Defenses**

***Dr. Small's Cross-Claim Against Asana***

**First Claim: Express Indemnification**

*Elements to Establish Dr. Small's Cross-Claims*

"To recover under an indemnification agreement, the indemnitee must establish: (1) the parties' contractual relationship; (2) the indemnitee's performance of that portion of the contract which gives rise to the indemnification claim; (3) the facts showing a loss within the meaning of the parties' indemnification agreement; and (4) the amount of damages sustained." *Clear Connection Corp. v. Comcast Cable Commc'ns Mgmt.*, LLC, 501 F. Supp. 3d 886, 892 (E.D. Cal. 2020)

*Dr. Small's Evidence to Establish the Cross-Claim*

Dr. Small will rely on the following evidence, including: (1) the contract between Asana and Headlands; and (2) Dr. Small's legal fees and costs incurred in defending this action

Depending on Asana's defense to this claim, Dr. Small may also rely on the following evidence: (3) Headlands' medical documentation showing that treatment was provided for all BCBSOK members at issue in this case; (4); the contracts between Asana and Headlands and Asana and Hansei Solutions that show Asana was responsible for ensuring all their practices, including billing, complied with all rules and regulations; (5) Jonathan Hagen's deposition testimony (6) Headlands' employment policies and procedures and employee and independent contractor documentation; (7) the Asana Defendants' discovery responses; (8) Adam Shandrow's and Mark Shandrow's deposition; (9) Dr. Small and Headlands lack of any involvement or knowledge in preparing claim forms, submitting claim forms, reviewing claim forms, and collecting payment; and (10) Dr. Small and Headlands

lack of involvement in verifying benefits, marketing services, enrolling members at Asana, and billing for services to BCBSOK.

**Second Claim: Breach of Contract**

*Elements to Establish Dr. Small's Cross-Claims*

To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff. *Richman v. Hartley* (2014) 224 Cal.App.4th 1182, 1186 (2014).

*Dr. Small's Evidence to Establish the Cross-Claim*

Dr. Small will rely on the same evidence above in addition to evidence showing that Asana has refused to indemnify Dr. Small despite demand.

**Third Claim: Declaratory Relief**

*Elements to Establish Dr. Small's Cross-Claims*

To qualify for declaratory relief, there must be (1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party. *Lee v. Silveira*, 6 Cal. App. 5th 527, 546, (2016).

*Dr. Small's Evidence to Establish the Cross-Claim*

Dr. Small will rely on the contract between Asana and Headlands and the evidence described above regarding the rights and obligations of the Parties, including Asana's obligation to indemnify, defend, and hold harmless Dr. Small.

**L.R. 16-4.3 – Bifurcation**

Dr. Small does not request bifurcation of any issues.

**L.R. 16-4.4 – Jury Trial**

Whether a claim is legal (jury) or equitable (Court) is determined by federal law, based principally on the remedy sought. *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 564-565 (1990). Although Dr. Small's cross-claims can be tried to a jury, Dr. Small requests a 1-2 day bench trial given the

issues in the Cross-Claim depend on the rights and obligations under the Parties' written contract, including the obligation for Asana to defend, indemnify, and hold harmless Dr. Small.

**L.R. 16-4.5 – Dr. Small's Right to Attorney's Fees**

Dr. Small is entitled to recover his attorneys' fees against Asana pursuant to his Cross-Claims against Asana and paragraph 8.6 of the contract between Headlands and Asana. Paragraph 8.6 provides in any dispute under the contract, the prevailing party shall be entitled to recover reasonable attorneys' fees and expenses incurred.

**Evidentiary Issues**

Dr. Small will be filing one motion in limine to exclude Asana from calling experts at trial who Asana did not timely identify during the discovery process and pursuant to the Court's Scheduling Order. Dr. Small has also asserted objections to the majority of the voluminous exhibits identified by Asana, and Dr. Small's specific objections to each exhibit are included in the Final Pretrial Conference Order.

Dr. Small also reserves the right to make all appropriate evidentiary challenges to Asana's evidence offered at trial.

Dated: October 12, 2026 HIGGS FLETCHER & MACK LLP

By: */s/ Kyle W. Nageotte*
STEVEN J. COLOGNE
KYLE W. NAGEOTTE
JAKE D. SESTI
Attorneys for Defendant and Cross-Claimant CHRISTIAN SMALL. M.D.